Amarjit Singh AUJLA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74625.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Amarjit Singh Aujla, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of Singh Aujla's claims on the basis of an adverse credibility finding. Singh Aujla's testimony at his credible fear hearing omitted any mention of two arrests and beatings that took place in 2001, undermining his later asylum application statements and testimony, in which he claimed the 2001 arrests caused him to leave India. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Additionally, the IJ's negative assessment of Singh Aujla's demeanor was detailed and cited particular examples in the testimony, and thus also supports the adverse credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

Because Singh Aujla failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh Aujla's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.